IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-00733-WJM-MJW

CAROL AGUERO,

    Plaintiff,

v.

GOOD HARBOR FILLET CO., L.L.C., a Massachusetts Limited Liability Company
IAN'S NATURAL FOODS, INC., a Massachusetts Corporation
JUNCKER ASSOCIATES AND COMPANY, INC., a Massachusetts Corporation
TRIDENT SEAFOOD CORPORATION, INC., a Washington Corporation
WHOLE FOODS MARKET DISTRIBUTION, INC., a Texas Corporation

    Defendants.

## ORDER OF REMAND

This matter is before the Court on the Notice of Removal filed by Defendant Whole Foods Market Distribution, Inc. ("Defendant").[1] For the following reasons, the Court concludes Defendant has not established subject matter jurisdiction. As such, the Court will remand this case to the District Court, Larimer County, Colorado, for further proceedings.

According to the Complaint filed in connection with the Notice of Removal, Plaintiff filed suit against Defendant in Larimer County District Court on December 29,

---

[1](ECF No. 3.)

2010.[2]  Defendant asserts it received a copy of the Summons and Complaint on February 23, 2011.[3]  It filed the at-issue Notice of Removal on March 30, 2011.[4]

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . .'"  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (citation omitted).  Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Finally, a removing defendant must "prove jurisdictional facts by a preponderance of the evidence."  *McPhail v. Deer & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).

Defendant purports to remove the case under authority of 28 U.S.C. § 1332(a), which provides for diversity jurisdiction.  Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

---

[2](ECF No. 3-2.)

[3](ECF No. 3 ¶ 2.)

[4]Defendant's Notice of Removal is timely.  It filed a previous Notice of Removal on March 23, 2011—within the 30-day period called for by 28 U.S.C. § 1446(b).  The Court struck that Notice because it referenced an out-dated version of § 1332(a), in which the jurisdictional amount was $50,000.  In 1996, Congress amended § 1332(a) and substituted "$75,000" for "$50,000."  The Court gave Defendant until April 4, 2011, to file a corrected Notice of Removal.  (ECF No. 2.)

The parties appear to be diverse. An issue exists, however, regarding the amount in controversy. Typically, a defendant can establish the amount in controversy by providing factual allegations in the notice of removal, or by citing to allegations in the complaint. *Id.* In this case, Plaintiff did not identify a specific amount of damages in either her Complaint or her Amended Complaint. Moreover, the Court on its own cannot discern from the allegations that the amount in controversy exceeds $75,000. Finally, Defendant fails to provide allegations, of any kind, from which the Court may determine that the amount in controversy requirement has been satisfied in this case. Given the presumption against removal jurisdiction,[5] and the uncertainty regarding the amount in controversy,[6] the Court must remand this case to state court.

Accordingly,

This action is **REMANDED** to the District Court, Larimer County, Colorado District Court, Colorado, for further proceedings.

Dated this 31st day of March, 2011.

---

[5] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[6] The Court also notes the other defendants did not join in the Notice of Removal. Thus, in addition to the jurisdictional issue discussed above, Defendant's removal is procedurally defective. *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) (co-defendant's failure to join in petition for removal rendered petition procedurally defective); *Metal Workers Int'l. Assn. v. Seay*, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982) (lack of unanimous consent is a procedural defect). This defect could serve as other grounds for remand. *Wallin v. Shanaman*, No. 08-cv-01987, 2009 WL 1189337, *2 (D. Colo. May 1, 2009). ("Remand is appropriate if all defendants do not join in the removal.")

BY THE COURT:

s/ *William J. Martínez*
United States District Judge